## GILMAN v. UNDERWRITERS' SALVAGE CO.

### In re TILESTON & LIVERMORE CO.

(District Court, D. Massachusetts. April 2, 1923.)

No. 1393.

1. **Bankruptcy ⊜164—Voluntary settlement of lien secured by attachment is not preference.**

Where a creditor had secured a lien by attachment more than four months before bankruptcy, a voluntary settlement of the suit by the debtor within four months of his bankruptcy was not a preference.

2. **Attachment ⊜267—Bankruptcy ⊜200(3)—Amendment introducing new cause of action dissolves lien as to trustee in bankruptcy subsequently appointed within four months.**

The lien of an attachment, procured more than four months before bankruptcy, was dissolved as to all persons not consenting thereto or having notice by an amendment of the writ introducing a new cause of action, and therefore the attachment does not affect a trustee in bankruptcy subsequently appointed for the defendant within four months after the amendment, and a settlement of the attachment suit may be recovered by the trustee as a preference.

In Equity. Suit by Harris H. Gilman, as trustee in bankruptcy of the Tileston & Livermore Company, against the Underwriters' Salvage Company, to recover an alleged preference. Decree rendered for complainant.

Goodwin, Procter, Field & Hoar and Harris H. Gilman, all of Boston, Mass., for trustee.

White & Barnes and Alfred B. White, all of Boston, Mass., for creditor.

PETERS, District Judge. This is a bill in equity, brought by a trustee in bankruptcy to recover a payment by the bankrupt to a creditor alleged to be a preference.

I find that in the summer of 1920, Underwriters' Salvage Company, the creditor, had two accounts against Tileston & Livermore Company, the bankrupt, one for $1,000, being balance due (without interest) on a lot of paper sold and money advanced on January 30, 1918, amounting to $5,500, and one for $250, being balance due (without interest) on a lot of paper sold on January 16, 1918, for $1,350.

On June 2, 1920, the creditor brought suit against the bankrupt for the larger account in the superior court for Suffolk county and summoned as trustees National Grand Bank, of Marblehead, and Citizens' National Bank, of Boston; service being made on the trustees June 3 and 4, 1920, respectively.

The trustees answered "Funds"—the National Grand Bank, $48.68; the Citizens' National Bank, $140.20. On October 16, 1920, both trustees were discharged; the sums mentioned in their possession having been turned over to the Underwriters' Salvage Company at about the same time. On December 3, 1920, agreement for judgment for plaintiff in the sum of $1 and judgment satisfied was filed.

⊜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On June 9, 1920, the same creditor, the Underwriters' Salvage Company, brought suit against the bankrupt for the smaller account mentioned, in the Boston municipal court, and summoned Houghton-Mifflin Company and others as trustees; service being made on the trustees June 11, 1920.

Of the trustees named, Houghton-Mifflin Company, on June 28, answered "Funds," $829.80. On October 1, 1920, the plaintiff in this trustee suit in the municipal court filed a motion to amend its declaration by striking out the declaration entirely and substituting another, which included both the accounts above referred to. This amendment was allowed, thus in effect adding the larger account to the smaller in the municipal court suit, after trustees in that suit had disclosed about $800 attached.

On December 3, 1920, agreement for judgment for plaintiff in the sum of $1 and judgment satisfied was filed.

On October 13, 1920, $804.90 had been paid to Underwriters' Salvage Company by Houghton-Mifflin Company upon an order signed by Tileston & Livermore Company.

An involuntary petition in bankruptcy was filed against Tileston & Livermore Company on December 10, 1920, and adjudication followed on January 10, 1921.

It is claimed by the trustee in bankruptcy in his bill that the payment to Underwriters' Salvage Company by the bankrupt through Houghton-Mifflin Company is a preference, alleging that it was made within four months prior to the filing of the petition, that Tileston & Livermore Company was then insolvent, that the effect of this payment was to enable Underwriters' Salvage Company to obtain a greater percentage of its debt than other creditors of the same class, and that Underwriters' Salvage Company at and before the date of payment had reasonable cause to believe that such payment would effect a preference.

I find from the evidence that the above-mentioned essential elements of a preference exist in this case.

[1] It is claimed, however, on the part of the Underwriters' Salvage Company that the attachment of funds in the possession of Houghton-Mifflin Company as trustee had matured and become a valid lien by the expiration of four months after the attachment, and that the voluntary settlement of the trustee suit and the payment of the money was a settlement of a secured claim and valid, regardless of the other considerations.

[2] I think this position well taken, were it not for the amendment of the writ in the trustee suit. Such an amendment, introducing an entirely new cause of action, dissolves attachments as to all persons not consenting thereto or having notice. It does not affect the trustee in bankruptcy, subsequently appointed.

It follows that the defendant in this case, Underwriters' Salvage Company, should restore to the bankrupt estate the sum of $804.90 received as a preference, as I have found, and a decree may be entered accordingly to cover also interest from the date of the bill.